UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 18-cv-10881

| | |
|---|---|
| BASF CORPORATION,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| MARTINEAUS AUTO BODY, INC,<br>d/b/a and or a/k/a METROPOLITAN<br>AUTO BODY,<br>    Defendant. | )<br>)<br>)<br>) |

**DEFENDANT'S PRE-ANSWER MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

NOW COMES the Defendant, Martineaus Auto Body, Inc. and requests that the Court dismiss the Plaintiff's complaint against the Defendant in its entirety, for failure to state a claim upon which relief may be granted.

<u>Standard for Motion to Dismiss</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Whitman & Co., Inc. v. Longview Partners (Guernsey) Limited*, 2015 WL 4467064 at *6 (D. Mass. July 20, 2015) (*quoting Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted

1

unlawfully." *Id.* "[A] complaint does not state a claim for relief where the well-pleaded facts fail to warrant an inference of any more than the mere possibility of misconduct." *Id.* (*citing Iqbal*, 556 U.S. at 679). When considering whether the plaintiff has plead a plausible claim, "a court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." *Watterson v. Page*, 987 F.2d. 1, 3 (1st Cir. 1993). This does not mean, however, "that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992).

A motion to dismiss should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957).

The Complaint must set forth the grounds of the Plaintiff's entitlement to relief with more than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), further, under the *Twombly* and *Iqbal* approaches, a complaint must contain "factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." The factual allegations in the Complaint do not need to be detailed; however, they "must be enough to raise to relief above a speculative level ... [based] on the assumption that all the allegations in the complaint are true ...." *Twombly*, 550 U.S. at 557. "When allegations, though disguised as factual, are so threadbare that they omit any meaningful content, we will treat them as what they are: naked conclusions." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3rd 77, at 80-81 (1st Cir. 2013), citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937 at 1949 (2009).

In considering a motion to dismiss, the Court is generally "limited to considering facts and documents that are part or incorporated into the complaint." *Giragosian v. Ryan,* 547 F.3rd

59, 65 (1st Cir. 2008) (citation and internal quotation marks omitted0. However, these limitations are not absolute. *Id.*; see also *Calden v. Arnold Worldwide,* Civil Action No. 12-10874-FDS (1st Cir. 2012). When a complaint's factual allegations are dependent upon a document, "that document effectively merrges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Id.*; see also *Beddall v. State St. Bank & Trust Co.*, 1237 Fd3rd 12, 17 (1st Cir, 1996); and also *McGee v. Benjamin*, 2012 WL 959377, at *4 (D. Mass, March 20, 2012). The Court may also consider "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." *Giragosian* 547 F.3rd at 65 (quoting *Un re Colonial Mortgage Bankers Corp.*, 324 F.3rd 12, 20 (1st Cir. 2003).

If the Court were to reach the merits of this case, all causes of action must be dismissed pursuant to Federal Rule 12(b)(6).

## CONCLUSION

The Complaint cannot survive because there is not one set of facts in support of Plaintiff's bald claims. No factual "allegations plausibly suggesting (not merely consistent with) an entitlement to relief." There are no meaningful factual contents, just naked conclusions.

The Complaint contains nothing more than speculative allegations, though disguised as factual, that are so threadbare that they omit any meaningful content, exhibits, substantiations, which should be treated as what it is: naked conclusions subject to a Motion to Dismiss.

As a result of the foregoing, the Plaintiff's Complaint should be dismissed with prejudice,

In support of this Motion is Defendant's Memorandum of Law and the Affidavit of Paul Martineau to be filed herewith.

A HEARING IS REQUESTED IF THE COURT SO DECIDES

WHEREFORE, the Defendants ask that the Court enter an order dismissing the Complaint and to pay costs for its defense.

Respectfully Submitted,
Martineaus Auto Body, Inc.
By its Attorney,

Date:   August 20, 2018

/s/ Peter J. Caruso
Peter J. Caruso, Esq. BBO No. 076920
Caruso & Caruso, LLP
68 Main Street
Andover, MA 01810
Tel. 978-475-2200
Fax: 978-475-1001
pcaruso@carusoandcaruso.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 20, 2018.

/s/ Peter J. Caruso