# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BASF CORPORATION,<br><br>                              Plaintiff,<br><br>             -against-<br><br>MARTINEAUS AUTO BODY, INC. d/b/a and/or a/k/a METROPOLITAN AUTO BODY,<br><br>                              Defendants. | Civil Action No.<br>18-cv-10881-ADB<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT** |

Plaintiff BASF Corporation ("BASF"), by and through its attorneys, hereby submits its Opposition to Defendant Martineaus Auto Body, Inc.'s ("Defendant") Motion to Dismiss Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion").

## INTRODUCTION

This action arises out of Defendant's failure and refusal to make good on its contractual obligations to BASF. Defendant, an auto body shop, promised in its Requirements Agreement with BASF, a manufacturer of automotive refinish products, to purchase at least $253,000 of its automotive refinish product requirements exclusively from BASF, and it happily accepted $30,000 from BASF in consideration of Defendant's anticipated performance. Before fulfilling its contractual obligations, however, Defendant sold its former business operations, located at 341 South Broadway, Lawrence, MA 01843. Since the sale, Defendant has purchased only *de minimis* amounts of BASF automotive refinish products (a substantial departure from the parties' prior course of dealing) at such a low volume that Defendant must either be out of business or else purchasing automotive refinish products from one of BASF's competitors. Either scenario breaches express and implied terms of the Requirements Agreement.

1

Not only has Defendant not performed its contractual obligations and act in good faith by failing to purchase BASF automotive refinish products at a level sufficient to support an auto body shop business and fulfill its $253,000 minimum purchase requirement as contemplated by the parties (resulting in pecuniary damage to BASF), but Defendant has further breached the Requirements Agreement, acted in bad faith, and been unjustly enriched by refusing to refund the $30,000 consideration to BASF.  In moving to dismiss the Amended Complaint, purely on the basis of an impermissible affidavit, Defendant continues to flout the express terms and the spirit of the Requirements Agreement and the parties' business relationship and has been unjustly enriched at BASF's expense.

## STATEMENT OF FACTS

BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers, as well as other related products and materials, for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products").  *See* Amended Complaint at ¶ 3.  At the time it entered into the Requirements Agreement out of which this lawsuit arises, Defendant was an auto body shop engaged in the business of reconditioning, refinishing, and repainting automobiles, trucks, and other vehicles.  *See* Amended Complaint at ¶ 4.

In the period from 2010 to 2011, Defendant purchased more than $30,000 in BASF Refinish Products per year.  *See* Amended Complaint at ¶ 9.  In reliance on the amounts of Defendant's prior purchases and the parties' course of dealing, on March 22, 2012, BASF entered into the Requirements Agreement with Defendant.  *See* Amended Complaint at ¶¶ 8-9; *see also* Amended Complaint, Exhibit A.  At the time the parties entered into the Requirements

Agreement, Defendant was operating its auto body shop at 341 South Broadway, Lawrence, MA 01843 (the "South Broadway operations"). *See* Amended Complaint at ¶¶ 4, 10.

In the Requirements Agreement, Defendant agreed to fulfill 100% of its requirements for Refinish Products up to a minimum purchase requirement of $253,000 ("Minimum Purchases"). *See* Amended Complaint at ¶ 11; Amended Complaint, Exhibit A at ¶¶ 1-2. The "Term" of the Requirements Agreement runs from its Effective Date until Defendant fulfilled its Minimum Purchases requirement. *See* Amended Complaint, Exhibit A at ¶ 1. BASF paid Defendant $30,000 ("Contract Fulfillment Consideration") in consideration of Defendant fulfilling its obligations under the Requirements Agreement. *See* Amended Complaint at ¶ 12; Amended Complaint, Exhibit A at ¶ 3. Defendant agreed under no uncertain terms that if the Requirements Agreement were terminated *for any reason* before Defendant met its Minimum Purchases requirement, Defendant would refund BASF all of the Contract Fulfillment Consideration. *See* Amended Complaint at ¶ 13; Amended Complaint, Exhibit A at ¶ 3. Defendant also agreed that if Defendant and/or any of its Controlled Businesses (as defined by the Requirements Agreement) were sold prior to Defendant fulfilling its Minimum Purchases requirement, Defendant was likewise required to refund 100% of the Contract Fulfillment Consideration to BASF. *See* Amended Complaint at ¶ 14; Amended Complaint, Exhibit A at ¶ 3.

In or about May 2017, Defendant sold the South Broadway operations prior to fulfilling its Minimum Purchase requirements. *See* Amended Complaint at ¶¶ 15, 18. Despite selling the South Broadway operations, Defendant did not refund the Contract Fulfillment Consideration to BASF. *See* Amended Complaint at ¶ 24. At the time of the sale of the South Broadway operations, Defendant had only bought approximately $128,000 of BASF Refinish Products. *See* Amended Complaint at ¶¶ 18, 23.

Since the May 2017 sale of the South Broadway operations, Defendant has purchased only *de minimis* amounts of BASF Refinish Products.  *See* Amended Complaint at ¶ 19.  For example, from June 2017 through the present, Defendant's total purchases of color paint were less than two gallons of premixed BASF paint.  *See* Amended Complaint at ¶ 20.  Likewise, during the same period, Defendant purchased only three gallons of clear coat.  *See* Amended Complaint at ¶ 20.  In fact, Defendant's purchases of BASF Refinish Products from June 2017 through the present total only approximately $2,700 for the entirety of that 15-month period, a mere fraction of the over $30,000 per year (which is an average of more than $2,500 *per month*) that Defendant was purchasing from BASF when the parties entered into the Requirements Agreement.  *See* Amended Complaint at ¶¶ 9, 18, 19.  Defendant's overall purchases of BASF Refinish Products after May 2017 have been so minimal that the only way Defendant could operate a business with such a low volume of Refinish Products purchased from BASF is if it were also purchasing Refinish Products through one of BASF's competitors in violation of the Requirements Agreement.  *See* Amended Complaint at ¶ 21.

Accordingly, one of two things *must* be true:  either Defendant's sale of its South Broadway operations in effect closed down its business operations and constituted an actual and/or constructive sale of Defendant's business, or else Defendant must be purchasing Refinish Products from another source and failing to purchase 100% of its Refinish Products requirements from BASF.  *See* Amended Complaint at ¶¶ 21-22.  Under either scenario, Defendant has breached express and/or implied terms of the Requirements Agreement, ultimately resulting in termination of the Requirements Agreement.  *See* Amended Complaint at ¶ 21-22.  This breach occurred before Defendant met its $253,000 minimum purchase requirement.  *See* Amended Complaint at ¶ 23.

Despite the clear language of the Requirements Agreement mandating that Defendant refund the $30,000 Contract Fulfillment Consideration to BASF under these circumstances, Defendant has flatly refused to return BASF's money, even after BASF sent Defendant a demand letter on July 18, 2017.  *See* Amended Complaint at ¶ 26-27; Amended Complaint, Exhibit B.  BASF has suffered substantial pecuniary damages as a result of Defendant's failure to purchase Refinish Products from BASF as agreed-upon, its refusal to refund the Contract Fulfillment Consideration, and its failure to act in good faith.  *See* Amended Complaint at ¶¶ 34, 39, 45.

## **STANDARD OF LAW**

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the light most favorable to the plaintiff.  *See United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 383-84 (1st Cir. 2011).  Dismissal for failure to state a claim is appropriate only "if the complaint does not set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'"  *Lemelson v. U.S. Bank Nat. Ass'n*, 721 F.3d 18, 21 (1st Cir. 2013) (quoting *United States ex rel. Hutcheson*, 647 F.3d at 384).

Here, as described more fully herein, BASF has set forth well-pleaded factual allegations regarding each element of its causes of action necessary to sustain recovery, and Defendant's only "argument" in support of dismissal comes in the form of an impermissible affidavit that, even if considered by the Court, fails to establish beyond doubt that BASF is unable to prove any facts entitling it to relief.  Accordingly, the Motion must be denied.

## ARGUMENT

### A. Defendant's Affidavit in Support of its Motion Should Not Be Considered

Defendant's Motion must be denied because it is premised entirely on a self-serving affidavit. In ruling on a motion to dismiss, all the factual allegations in the complaint must be accepted as true and all reasonable inferences must be construed in favor of the plaintiff. *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (internal citation omitted). Any document outside of the complaint, or not expressly incorporated therein, may not be considered on a motion to dismiss. *Id.*; *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 72 (1st Cir. 2014) (stating that on a motion to dismiss, courts "usually consider only the complaint, documents attached to it, and documents expressly incorporated into it").

Here, the sole support for Defendant's Motion is the Affidavit of Paul Martineau (the "Affidavit"). The Affidavit is clearly not part of, or incorporated into, BASF's Amended Complaint, and introduces facts outside the four corners of that complaint. As such, the Affidavit should not be considered in connection with the Motion, and the Motion should be denied.[1] *See Boston's Children First v. City of Boston*, 98 F. Supp. 2d 111, 113-14 (D. Mass.

---

[1] Even if the Court were to consider the Affidavit, thereby converting the Motion into a motion for summary judgment, such a motion would still fail because there are genuine issues of fact in dispute that cannot be resolved on a motion for summary judgment, *see Nationwide Book Indus., LLC v. A & S Booksellers, Inc.*, 950 F. Supp. 2d 264, 266 (D. Mass. 2013). including: whether Defendant's sale of the South Broadway operations in effect closed down its business operations and constituted an actual and/or constructive sale of Defendant's business, *compare* Amended Complaint at ¶ 22 *with* Defendant's Memorandum of Law in Support of Motion at 8, 11; whether Defendant has continued to purchase 100% of its requirements for Refinish Products from BASF, *compare* Amended Complaint at ¶ 21 *with* Defendant's Memorandum of Law in Support of Motion at 7; and whether Defendant has entered into an agreement with one of BASF's competitors, *compare* Amended Complaint at ¶ 21 *with* Defendant's Memorandum of Law in Support of Motion at 8. In any event, conversion is inappropriate where, as here, discovery has not begun and BASF has had no reasonable opportunity to obtain and submit additional evidence to counter Defendant's evidence. *See Foley*, 772 F.3d at 73 (citing Fed. R. Civ. P. 12(d)) (internal citations omitted).

2000), *aff'd sub nom.*, *Anderson ex rel. Dowd v. City of Boston*, 375 F.3d 71 (1st Cir. 2004); *Norris v. Boyden*, No. 990034, 1999 WL 674308, at *1 (Mass. Super. Aug. 6, 1999); *see also Metro. Prop. & Cas. Ins. Co. v. Savin Hill Family Chiropractic, Inc.*, 322 F.R.D. 151, 155 (D. Mass. 2017); *United States ex rel. Hutcheson*, 647 F.3d at 384.

### B. BASF Has Sufficiently Pleaded Facts Showing that Defendant Breached the Requirements Agreement

The Motion should be denied because BASF has pleaded plausible facts sufficient to state its claim for breach of contract.  To establish a breach of contract under New Jersey law,[2] a plaintiff must plead three elements:  "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages."  *Motamed v. Chubb Corp.*, No. CV 15-7262, 2016 WL 1162853, at *3 (D.N.J. Mar. 24, 2016) (citing *Sheet Metal Workers Intern. Ass'n Local Union No. 27, AFL–CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013)).

Here, all of these elements have been pleaded by BASF.  The Amended Complaint alleges, and Defendant does not dispute, that the Requirements Agreement constituted a valid and binding contract between BASF and Defendant.  The Amended Complaint further alleges that Defendant failed to perform its obligations under the Requirements Agreement by, among other things:  failing to refund the Contract Fulfillment Consideration after selling the South Broadway operations, in violation of Paragraph 3 of the Requirements Agreement; effectively closing its business prior to the Term of the Requirements Agreement (*i.e.,* before meeting its Minimum Purchases requirement) by selling the South Broadway operations, as evidenced by the *de minimis* purchases of BASF Refinish Products post-sale; if the sale of the South Broadway

---

[2] New Jersey substantive law governs BASF's claims per Paragraph 6 of the Requirements Agreement.  *See* Amended Complaint ¶ 7; Amended Complaint, Exhibit A.

operations did *not* constitute an effective closure of Defendant's business, by purchasing Refinish Products from one of BASF's competitors in breach of Paragraph 2 of the Requirements Agreement, as the amount of Defendant's post-sale purchases from BASF are insufficient to operate a viable body shop; and breaching and terminating the Requirements Agreement through the conduct described above prior to fulfilling its Minimum Purchases requirement and without refunding the Contract Fulfillment Consideration, in violation of Paragraphs 1 and 3.  Finally, the Amended Complaint adequately pleads that BASF is damaged in the amount of the balance of the Minimum Purchase requirement and the Contract Fulfillment Consideration, and that Defendant's breach is the direct and proximate cause of BASF's damages.

Although Defendant's impermissible affidavit argues that it continues to operate some nature of business under the name "Metropolitan Auto Body," even if improperly considered on a motion to dismiss, this assertion does not refute the allegations in the Amended Complaint such that it would preclude BASF from proving any set of facts in support of its breach of contract claim that would entitle it to relief.  Regardless, Defendant's position at best creates a factual issue that is not appropriate on a motion to dismiss.  *See Metro. Prop. & Cas. Ins. Co.*, 322 F.R.D. at 155; *see also United States ex rel. Hutcheson*, 647 F.3d at 384.

### C. **BASF Has Sufficiently Pleaded Facts Showing Breach of the Implied Covenant of Good Faith and Fair Dealing**

The Amended Complaint sufficiently pleads a claim for breach of the implied covenant of good faith and fair dealing because the sale of the South Broadway operations and Defendant's subsequent *de minimis* purchases are behavior not contemplated by the spirit of the Requirements Agreement that falls short of fair dealing.  The implied covenant of good faith and fair dealing requires that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *Black Horse Lane*

*Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 288 (3d Cir. 2000) (internal citations omitted). A party to a contract breaches the covenant if it acts in bad faith or engages in some other form of inequitable conduct in the performance of a contractual obligation. *Id.*

The implied covenant of good faith and fair dealing is breached even "when the defendant's acts 'did not literally violate' the agreement in issue, if a party to the contract engaged in some behavior 'not contemplated by the spirit of the contract and that fall short of fair dealing.'" *Woods Corp. Assocs. v. Signet Star Holdings, Inc.*, 910 F. Supp. 1019, 1034 (D.N.J. 1995) (citing *Association Group Life, Inc. v. Catholic War Veterans*, 61 N.J. 150, 153, 293 A.2d 382 (1972)). While "the duty to act in good faith and deal fairly cannot force a party to a contract to act in a manner the contract does not require; at the same time, this duty does not give a party to a contract leave to act in a way which violates the spirit—though not the letter—of the agreement." *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.*, 49 F. Supp. 2d 728, 735 (D.N.J. 1999).

Here, the Amended Complaint alleges that in the two years prior to entry into the Requirements Agreement, Defendant had been purchasing more than $30,000 in BASF Refinish Products per year. Additionally, the Amended Complaint alleges it was on account of this course of dealing that BASF agreed to enter into the Requirements Agreement. However, as is further reflected in the Amended Complaint, since the parties entered into the Requirements Agreement, Defendant has sold the South Broadway operations, effectively closing its business, and has made only *de minimis* purchases of BASF Refinish Products since then. Indeed, the Amended Complaint shows that Defendant's purchases of BASF Refinish Products from June 2017 through the present total a mere $2,700.

Defendant has thus violated the clear spirit of the Requirements Agreement by destroying or injuring BASF's right to receive the fruits of the parties' agreement in bad faith by, *inter alia*:

- Selling its business location with a Minimum Purchases balance of at least $125,000 still due and owing under the Requirements Agreement;

- Dramatically reducing its post-sale purchases far below what an actively operating body shop requires, such that its total purchases for an entire fifteen-month period were only slightly more than its average *monthly* purchases prior to entering into the Requirements Agreement – the amount of which BASF relied upon when entering into the Requirements Agreement and understood to be the manner in which the parties' course of dealing would continue under the Requirements Agreement; and

- Refusing to refund the Contract Fulfillment Consideration in light of the above.

While shuttering the South Broadway operations and purchasing only $2,700 of BASF Refinish Products over the 15-month post-sale period may not violate the letter of the Requirements Agreement, it certainly violates the spirit of that agreement, especially given that BASF entered into the agreement in reliance upon Defendant's prior purchases of $30,000 per year. Accordingly, based on the facts alleged in the Amended Complaint, BASF has adequately pleaded a claim for breach of the implied covenant of good faith and fair dealing.

  D. **BASF Has Stated a Claim for Unjust Enrichment**

BASF has also stated a viable claim for unjust enrichment. To state a claim for unjust enrichment, a plaintiff must allege that (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying for it. *MCI Worldcom Network Servs., Inc. v. Graphnet, Inc.*, No. CIV. 00-5255 (WHW),

2005 WL 1116163, at *16 (D.N.J. May 11, 2005) (citing *In re K–Dur Antitrust Litigation,* 338 F.Supp.2d 517, 544 (D.N.J. 2004)).

The Amended Complaint satisfies these elements. BASF has alleged that through BASF's business relationship with Defendant, Defendant accepted and received a benefit from BASF in the form of $30,000 in Contract Fulfillment Consideration. Defendant's retention of this benefit is inequitable because Defendant has either ceased operating as an active body shop or else is purchasing Refinish Products from one of BASF's competitors, and in any event has drastically changed the nature of the business relationship between the parties pursuant to which BASF paid the consideration. Thus, it would be unjust for Defendant to retain the Contract Fulfillment Consideration, especially since it has not purchased 100% of its requirements for Refinish Products from BASF up to a minimum of $253,000 as agreed under the Requirements Agreement.

### E. **BASF Has Adequately Pleaded that Declaratory Relief is Warranted**

Declaratory relief is appropriate where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth.*, 539 F.3d 199, 215 (3d Cir. 2008).

To the extent that BASF has pleaded causes of action arising under the Requirements Agreement, it has adequately stated a claim that declaratory relief is warranted.

### F. **Defendant Is Not Entitled To Its Costs and Fees**

Even in the event Defendant prevails on its Motion (which for the reasons stated herein, it should not), it would not be entitled to attorneys' fees and costs. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257, 95 S. Ct. 1612, 1621, 44 L. Ed. 2d 141 (1975) ("[A]bsent statute or enforceable contract, litigants pay their own attorneys' fees."). Nothing in

the Requirements Agreement provides for fee-shifting and there is no relevant statute which would provide for such fees and costs.

## **CONCLUSION**

BASF has alleged viable causes of action in the Amended Complaint.  Accordingly, Defendant's Motion to Dismiss the Amended Complaint must be denied.

Dated:  September 4, 2018

By:*/s/ Maria E. DeLuzio*
Maria E. DeLuzio
mdeluzio@piercedavis.com
Pierce Davis Perritano LLP
10 Post Office Square
Suite 1100N
Boston, MA 02109
Telephone: (617) 350-0950
Fax: (617) 350-7760

Caroline C. Marino
cmarino@leaderberkon.com
Leader & Berkon LLP
630 Third Avenue, 17th Floor
New York, New York 10017
Telephone:  (212) 486-2400
Fax: (212) 486-3099

*Attorneys for Plaintiff*
*BASF Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on September 4, 2018.

                                        By: */s/ Maria E. DeLuzio*
                                            MARIA E. DELUZIO