UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BASF CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MARTINEAUS AUTO BODY, INC. d/b/a and/or a/k/a METROPOLITAN AUTO BODY,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 18-cv-10881-ADB<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

BURROUGHS, D.J.

Plaintiff BASF Corporation ("BASF") filed this action against Defendant Martineaus Auto Body, Inc. d/b/a and/or a/k/a Metropolitan Auto Body alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, and seeking a declaratory judgment. [ECF No. 1]. On August 10, 2018, Plaintiff filed an Amended Complaint. [ECF No. 12 (hereinafter "Am. Compl.")]. On August 20, 2018, Defendant filed a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF. No. 13]. For the reasons set forth below, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.

I. BACKGROUND

The following facts are drawn from the Amended Complaint, the well-pleaded allegations of which are taken as true for purposes of evaluating Defendant's motion to dismiss, and documents expressly incorporated into the Amended Complaint. See Ruivo v. Wells Fargo Bank, 766 F.3d 87, 90 (1st Cir. 2014); Hannigan v. Bank of Am., N.A., 48 F. Supp. 3d 135, 140 (D. Mass. 2014). Plaintiff sells aftermarket paints, refinishes, coating, primers, thinners,

reducers, and other products related to reconditioning, refinishing, and repainting vehicles ("Refinish Products"). Am. Compl. ¶ 3. Defendant is an auto body shop that reconditions, refinishes, and repaints vehicles. Id. ¶ 4.

On or about March 22, 2012, Plaintiff and Defendant entered into the Requirements Agreement. Id. ¶ 8; [ECF No. 12-1 (hereinafter the "Requirements Agreement" or the "Agreement")]. Pursuant to the Requirements Agreement, Defendant agreed to purchase 100 percent of its needed Refinish Products, up to a minimum purchase requirement of $253,000, from an authorized BASF distributor. Am. Compl. ¶ 11; Requirements Agreement ¶¶ 1–2. The Requirements Agreement does not have a fixed term; rather, the parties agreed to continue the Agreement until Plaintiff fulfilled the $253,000 minimum purchase requirement. See Requirements Agreement ¶ 1. In consideration for Defendant fulfilling its obligations under the Agreement, Plaintiff paid it $30,000 (the "Contract Fulfillment Consideration"). Am. Compl. ¶ 12; Requirements Agreement ¶ 3. Defendant is obligated to refund the Contract Fulfillment Consideration if, prior to completing the minimum purchase requirement, the Agreement is terminated for any reason or Defendant is sold. Am. Compl. ¶¶ 13–14; Requirements Agreement ¶ 3. To date, Defendant has purchased approximately $128,000 of BASF Refinish Products under the Requirements Agreement. See Am. Compl. ¶ 18.

In or about May 2017, Defendant's operations were sold to another body shop owner who was under contract with a competitor of BASF. Am. Compl. ¶¶ 15–16. Since May 2017, Defendant has purchased only about $2,700 of BASF Refinish Products total and has purchased the remainder of its Refinish Products from one of BASF's competitors. Id. ¶¶ 19, 32. On July 18, 2017, Plaintiff notified Defendant by letter that it was in breach of its contractual obligations under the Requirements Agreements and demanded that it refund the Contract Fulfillment

2

Consideration.  Id. ¶ 26.  To date, Defendant has not refunded the Contract Fulfillment Consideration to Plaintiff.  Id. ¶¶ 17, 27.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff.  United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).  While detailed factual allegations are not required, the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and it must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quotation marks and citations omitted).  The facts alleged, taken together, must "state a claim to relief that is plausible on its face."  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).  "A claim is facially plausible if supported by 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

When assessing the sufficiency of a complaint, the Court first "separate[s] the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)."  Maddox, 732 F.3d at 80 (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  Next, the Court "determine[s] whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Morales-Cruz, 676 F.3d at 224).  "[T]he court may not

3

disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," however, a claim may be dismissed. Iqbal, 556 U.S. at 679.

## III. DISCUSSION

### A. Breach of Contract Claim (Count I)

In Count One, Plaintiff asserts that Defendant has breached the Requirements Agreement. "To prevail on a breach of contract claim under New Jersey law, a plaintiff must establish three elements: (1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc., 737 F.3d 879, 900 (3d Cir. 2013) (citing Coyle v. Englander's, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985)).[1] Plaintiff's Amended Complaint alleges that Defendant breached the Requirements Agreement in two respects. First, Plaintiff contends that Defendant breached paragraph 3 of the Requirements Agreement when, prior to completing the minimum purchase requirement under the Agreement, Defendant's operations were sold and it failed to refund the Contract Fulfillment Consideration to BASF. Am. Compl. ¶¶ 15–17, 29–30.

---

[1] The parties have not briefed the issue of what state's law applies to Plaintiff's claims. Defendant has cited Massachusetts law in its motion to dismiss. The Requirements Agreement, however, contains a choice-of-law provision stating that "[t]his Agreement and performance or non-performance hereunder shall be governed by and construed under the laws of the State of New Jersey without regard to principles of conflicts of law," Requirements Agreement ¶ 6, and Plaintiff has cited New Jersey law in its opposition. The Court does not resolve the question at this time because, with respect to each of Plaintiff's claims, the outcome would be the same under New Jersey or Massachusetts law.

4

Second, Plaintiff asserts that Defendant breached paragraphs 1 and 2 of the Requirements Agreement by failing to purchase 100 percent of its required Refinish Products from BASF for the term of the contract when it began purchasing Refinish Products from one of BASF's competitors beginning in about May 2017. Id. ¶¶ 10–22, 31–32.

Defendant argues that the Court should dismiss Plaintiff's breach of contract claim because, contrary to the Amended Complaint, Defendant has not sold its business and has purchased 100 percent of its needed Refinish Products from BASF since entering into the Requirements Agreement. [ECF No. 14 at 6–8]. In support of these assertions, Defendant has submitted extrinsic evidence in the form of a sworn affidavit of Paul Martineau, which controverts various allegations in the Amended Complaint. [ECF No. 15 ¶¶ 2–7, 10–15]. In addition, as exhibits to the Martineau affidavit, Defendant has submitted copies of its Registration for Motor Vehicle Repair Shop and eighteen invoices, which Defendant contends respectively demonstrate that it is still in business and has only purchased Refinish Products from BASF since entering into the Requirements Agreement. [ECF Nos. 15-1, 15-3; see ECF No. 14 at 7–8].

In short, Defendant's motion challenges the merits of Plaintiff's allegations, not their sufficiency under Federal Rule of Civil Procedure 12(b)(6). As explained supra at 3–4, in considering a motion to dismiss, a court must take the allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff in order to evaluate the sufficiency of the complaint on its face. "In doing so, the court may consider documents attached to or expressly incorporated into the Complaint, as well as 'documents the authenticity of which are not disputed by the parties,' 'official public records,' 'documents central to the plaintiffs' claim,' and 'documents sufficiently referred to in the complaint.'" Aronson v. Advanced Cell Tech., Inc.,

902 F. Supp. 2d 106, 112 (D. Mass. 2012) (quoting Watterson v. Page, 987 F.2d 1, 3–4 (1st Cir. 1993).  If "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  If the court elects to convert the Rule 12(b)(6) motion into a summary judgment motion, however, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Id.

Here, the Martineau affidavit, Defendant's Registration for Motor Vehicle Repair Shop, and the eighteen invoices are not attached to or incorporated into the Amended Complaint, and the Court finds that there is no basis to consider them on a motion to dismiss.  Further, given that the parties have not exchanged discovery, Plaintiff has not received a reasonable opportunity to counter the facts set forth in the Martineau affidavit in response to a motion for summary judgment.  See Whiting v. Maiolini, 921 F.2d 5, 7 (1st Cir. 1990) ("When discovery has barely begun and the nonmovant has had no reasonable opportunity to obtain and submit additional evidentiary materials to counter the movant's affidavits, conversion of a Rule 12 motion to a Rule 56 motion is inappropriate.").  Thus, the Court finds that converting Defendant's motion to dismiss into one for summary judgment would be inappropriate at this juncture, and declines to consider the extrinsic evidence submitted by the Defendant.

At present, the Court finds that Plaintiff has sufficiently pleaded a plausible claim for breach of contract by alleging that: (1) the Requirements Agreement is a valid contract between the parties; (2) Defendant failed to perform its obligations under the contract in violation of paragraphs 1 through 3 of the Requirements Agreement by failing to return the Contract Fulfillment Consideration to BASF after Defendant's operations were sold and by not purchasing 100 percent of its needed Refinish Products from BASF for the term of the contract; and (3) as a

result of Defendant's breaches, Plaintiff has been damaged at least in the amount of the Contract Fulfillment Consideration.[2] Plaintiff is entitled to pursue discovery on these allegations and gather facts in support of its claim. If, following discovery, the evidence demonstrates that, as stated in the Martineau affidavit, Defendant's operations were not sold and it has not purchased any Refinish Products from a competitor of BASF, then the parties should negotiate a stipulation of dismissal of Plaintiff's breach of contract claim or Defendant should file a motion for summary judgment.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing Claim (Count II)

Plaintiff alleges that Defendant has breached the implied covenant of good faith and fair dealing by: (i) "[e]ffectively clos[ing] down its business operations" prior to completing the minimum purchase requirement under the Requirements Agreement; (ii) "[p]urchas[ing] only a bare minimum of BASF Refinish Products post-May 2017, far below what an active operating body shop requires and far below Defendant's 2010 and 2011 purchase amounts, upon which BASF relied when entering into the Requirements Agreement;" and (iii) "[r]efus[ing] to return the Contract Fulfillment Consideration of $30,000 to BASF, while knowingly engaging in behavior not contemplated by the spirit of the Requirements Agreement." Am. Compl. ¶ 38.

"[E]very contract in New Jersey contains an implied covenant of good faith and fair dealing." Sons of Thunder, Inc. v. Borden, Inc., 690 A.2d 575, 587 (N.J. 1997). Accordingly, "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Kalogeras v. 239 Broad Ave., L.L.C., 997 A.2d 943, 953 (N.J. 2010) (citation and alterations omitted). "To sufficiently state a claim for

---

[2] The Court notes that, as alleged in the Amended Complaint, the factual basis for damages based on the remaining balance of Defendant's minimum purchase requirement, while plausible, appears quite weak at this stage.

breach of such an implied covenant, a plaintiff must allege a defendant, acting in bad faith or with a malicious motive, 'engaged in some conduct that denied the benefit of the bargain originally intended by the parties.'" Riachi v. Prometheus Grp., No. 16-cv-2749-SDW-LDW, 2016 WL 6246766, at *3 (D.N.J. Oct. 25, 2016) (quoting Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Associates, 864 A.2d 387, 396 (N.J. 2005)). The Supreme Court of New Jersey explained that a showing of "'bad motive or intention' is vital to an action for breach of the covenant." Brunswick Hills Racquet Club, Inc., 864 A.2d at 396 (quoting Wilson v. Amerada Hess Corp., 773 A.2d 1121, 1126 (N.J. 2001)).

Relying on the Martineau affidavit, Defendant argues that the Court should dismiss Plaintiff's implied covenant of good faith and fair dealing claim because it has not closed its business. [ECF No. 14 at 10–11]. Moreover, Defendant contends that the Plaintiff has not acted in good faith toward it and asserts that the Court should award Defendant the attorney's fees and costs that it incurred defending this action. [Id. at 10]. As with Defendant's motion to dismiss Plaintiff's breach of contract claim, it does not argue that Plaintiff has failed to plead enough facts to state a claim for breach of the implied covenant of good faith and fair dealing, but instead asserts that its allegations, when tested against the evidence, will prove to be false. For the reasons described supra at 5–6, this form of argument is not appropriate at the motion to dismiss stage. The Court finds that the well-pleaded allegations in the Amended Complaint, just barely, "nudge[] [Plaintiff's] claims across the line from conceivable to plausible" to withstand a motion to dismiss. Twombly, 550 U.S. at 570. That is, by alleging that Defendant sought to defeat or obstruct Plaintiff's ability to enjoy the benefits of the Requirements Agreement by purchasing a bare minimum of BASF Refinish Products after May 2017 and refusing to return

the Contract Fulfillment Consideration, Plaintiff has minimally plead a right to relief that rises just above the speculative level. Defendant's motion to dismiss Count II is therefore denied.

### C. Unjust Enrichment Claim (Count III)

The Amended Complaint alleges that Defendant has been unjustly enriched by retaining the Contract Fulfillment Consideration in spite of the fact that it sold its operations or started purchasing Refinish Products from a BASF competitor prior to purchasing 100 percent of its needed Refinish Products from BASF for the contract term. Am. Compl. ¶¶ 15–21, 40–45. "Under New Jersey law, to state a claim for unjust enrichment, 'a plaintiff must allege that (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it.'" Volin v. Gen. Elec. Co., 189 F. Supp. 3d 411, 422 (D.N.J. 2016) (quoting Snyder v. Farnam Cos., Inc., 792 F. Supp. 2d 712, 723–24 (D.N.J. 2011)). At the pleading stage, a plaintiff need only allege facts sufficient to show that "Plaintiff conferred a benefit on Defendant" and "circumstances are such that to deny recovery would be unjust." Dzielak v. Whirlpool Corp., 26 F. Supp. 3d 304, 330 (D.N.J. 2014) (quoting Palmeri v. LG Electronics USA, Inc., No. 07-cv-5706, 2008 WL 2945985, *5 (D.N.J. July 30, 2008)). "An unjust enrichment claim may be sustained independently as an alternative theory of recovery." Maniscalco v. Brother Int'l Corp. (USA), 627 F. Supp. 2d 494, 505 (D.N.J. 2009).

Defendant asserts that Plaintiff's unjust enrichment claim should be dismissed because "[i]t is not the Defendant who has been enriched, but BASF who has reaped the benefits of the Defendant's purchase and still now, continues to reap the benefits of its purchases," and because "[a]s long as the Defendant is in business and continues to purchase BASF Refinish Products," it is not obligated to refund the Contract Fulfillment Consideration. [ECF No. 14 at 11–12].

Defendant's arguments again address the merits of Plaintiff's claim and ask the Court to consider matters outside of the pleadings, which is not an appropriate inquiry on a motion to dismiss. The Court finds that the Amended Complaint pleads sufficient facts to state a claim for unjust enrichment, and Defendant's motion to dismiss Count III is denied.

### D. Declaratory Judgment Claim (Count IV)

Plaintiff seeks a declaratory judgment concerning Plaintiff's and Defendant's respective rights under the Requirements Agreement. Am. Compl. ¶¶ 46–49. Specifically, Plaintiff asks the Court to declare whether the Requirements Agreement is in full force and effect and whether Defendant has breached the Agreement. Id. ¶¶ 48. The Declaratory Judgment Act provides that a Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The express language of the Declaratory Judgment Act and fundamental principles of standing under Article III of the Constitution limit declaratory judgment actions to cases where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). The Supreme Court has noted that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).

Further, "courts have routinely dismissed declaratory judgment claims that are merely redundant of a plaintiff's other claims." Watkins v. Bai Brands, LLC, No. 17-cv-2715-BRM-DEA, 2018 WL 999677, at *4 (D.N.J. Feb. 20, 2018) (collecting cases); see also Gormally

Broad. Licenses, LLC v. Charter Commc'n Holding Co., LLC, No. 16-cv-30152-MGM, 2017 WL 3131986, at *6 (D. Mass. Feb. 28, 2017) (denying request for declaratory judgment where it "would be duplicative of [plaintiff's] breach of contract claim, the latter of which will determine whether and to what extent [defendant] breached its obligations under the Agreement"). Plaintiff here has not identified any aspect of the Requirements Agreement that would not be resolved by the Court's evaluation of its breach of contract claim. Accordingly, the Court exercises its discretion to decline to issue a declaratory judgment on this issue, and Count IV will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is <u>GRANTED</u> as to Count IV, and is otherwise <u>DENIED</u>. Defendant's request for attorney's fees and costs is <u>DENIED</u>.

**SO ORDERED.**

January 30, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE